AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. 25-5296MB
SUBJECT VEHICLE 1 and SUBJECT VEHICLE 2) )
Jeep Wrangler bearing Arizona license plate 3AH7180 )
Jeep Cherokee bearing Arizona license plate PEA09N )

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____ Arizona _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before  7/8/25  *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to  US MJ on duty in Phoenix  .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: June 24, 2025 @ 4:10 pm       *(Judge's signature)*

City and state:     Phoenix, Arizona                Hon. Deborah M. Fine, US Magistrate Judge
                                                    *Printed name and title*

## ATTACHMENT A

*Properties to be searched:*
**SUBJECT PREMISES**
(22454 W Adams St, Buckeye, Arizona 85326)

The property to be searched is 22454 W Adams St, Buckeye, Arizona 85326, further described as a two-story brown stucco residential home, with a single two-bay garage door bearing a placard with "22454" affixed to the right side of the garage when observed from the street.



*Vehicles to be searched:*
**SUBJECT VEHICLE 1**
(Jeep Wrangler bearing Arizona license plate 3AH7180)



**SUBJECT VEHICLE 2**
(Jeep Cherokee bearing Arizona license plate PEA09N)



## ATTACHMENT B

*Property to be seized*

1. Firearms and ammunition
2. Documents related to firearms ownership or possession
   a. Purchase receipts
   b. Bills of sale
   c. Photographs, or any documents reflecting ownership, possession, or transfer of firearms
   d. Court documents related to the suspect's criminal conviction
3. Bank Statements and other financial documents in the suspect's name
4. Tools and components used for manufacturing firearms
5. Purchase records for tools and components used for manufacturing firearms
6. Electronic communication devices identified as belonging to the suspect **to be seized and searched**:
   a. cellular phones,
   b. tablets,
   c. laptop computers,
   d. desktop computers
   e. Any other device not named above but which may be capable of communications and retaining records of calls, messaging or emails which might provide incriminating evidence related to the suspect's procurement of firearms.
7. Bulk cash

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name of any person(s) seized: |||

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

# UNITED STATES DISTRICT COURT
for the
District of Arizona

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )    Case No. 25-5296 MB
    ) 
SUBJECT VEHICLE (V-1) )
A Jeep Wrangler bearing Arizona license plate 3AH7180 )
A Jeep Cherokee bearing Arizona license plate PEA09N )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment A

located in the _____ District of _____ Arizona _____, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922 (g)(1) | Unlawful Possession of a Firearm by a Convicted Felon |
| 18 U.S.C. § 933 | Trafficking in Firearms |
| 18 U.S.C. § 922(a)(1)(A) | Dealing Firearms Without a License |

The application is based on these facts:
See attached Affidavit, incorporated by reference

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Reviewed by: AUSA Sheila Phillips

*Sheila Phillips* — Digitally signed by SHEILA PHILLIPS Date: 2025.06.24 12:30:19 -07'00'

JUSTIN A COWAN — Digitally signed by JUSTIN A COWAN Date: 2025.06.24 11:50:09 -07'00'

*Applicant's signature*

SA Justin Cowan, Homeland Security Investigations

*Printed name and title*

Sworn to before me and signed in my presence.

Date: 06/24/2025 @ 4:10 pm

*Judge's signature*

City and state: Phoenix, Arizona

Hon. Deborah M. Fine, US Magistrate Judge

*Printed name and title*

## ATTACHMENT A

*Properties to be searched:*
**SUBJECT PREMISES**
(22454 W Adams St, Buckeye, Arizona 85326)

The property to be searched is 22454 W Adams St, Buckeye, Arizona 85326, further described as a two-story brown stucco residential home, with a single two-bay garage door bearing a placard with "22454" affixed to the right side of the garage when observed from the street.



*Vehicles to be searched:*
**SUBJECT VEHICLE 1**
**(Jeep Wrangler bearing Arizona license plate 3AH7180)**



**SUBJECT VEHICLE 2**
**(Jeep Cherokee bearing Arizona license plate PEA09N)**



## ATTACHMENT B

*Property to be seized*

1. Firearms and ammunition
2. Documents related to firearms ownership or possession
   a. Purchase receipts
   b. Bills of sale
   c. Photographs, or any documents reflecting ownership, possession, or transfer of firearms
   d. Court documents related to the suspect's criminal conviction
3. Bank Statements and other financial documents in the suspect's name
4. Tools and components used for manufacturing firearms
5. Purchase records for tools and components used for manufacturing firearms
6. Electronic communication devices identified as belonging to the suspect **to be seized and searched**:
   a. cellular phones,
   b. tablets,
   c. laptop computers,
   d. desktop computers
   e. Any other device not named above but which may be capable of communications and retaining records of calls, messaging or emails which might provide incriminating evidence related to the suspect's procurement of firearms.
7. Bulk cash

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Justin Cowan, a Special Agent of Homeland Security Investigations, being duly sworn, does depose and state the following:

### I. INTRODUCTION AND AGENT BACKGROUND

1. Your Affiant makes this Affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the premises and vehicles:

   a. 22454 W Adams St, Buckeye, Arizona 85326 hereinafter the **"Subject Premises"**,

   b. Jeep Wrangler, Silver, bearing Arizona license plate 3AH7180 hereinafter the **"Subject Vehicle 1"**,

   c. Jeep Cherokee, White, bearing Arizona license plate PEA09N hereinafter the **"Subject Vehicle 2"**

as further described in Attachment A, to search for and seize the items outlined in Attachment B, which represents evidence, fruits and/or instrumentalities of the criminal violations further described below.

2. I am a Special Agent with Homeland Security Investigations (HSI), assigned to the Deputy Special Agent in Charge (DSAC) office for Phoenix, Arizona. I have been a Special Agent with HSI since June 6, 2021, and a law enforcement officer since 2007. I have completed the Criminal Investigator Training Program at the Federal Law Enforcement Training Center and the Special Agent training program at the HSI Academy.

3. Prior to my current assignment as a Special Agent, I served as a Deportation Officer for Immigration and Customs Enforcement, and as a Border Patrol Agent for the United States Border Patrol. I served on multiple interagency task forces and temporary duty assignments including the United States Marshals Office, the Drug Enforcement Administration and the United States Attorney's Office. I have authored and/or participated in the execution of multiple search warrants.

4. I routinely investigate violations of Title 18 of the United States Code, as well as various other federal law violations. I prepare investigative reports regarding criminal misconduct, intelligence, background matrix and allegations of wrongdoing and their outcomes. I provide supporting documentation of investigations conducted that include testimonial and physical evidence.

5. The statements contained in this Affidavit are based on information derived from your Affiant's personal knowledge, training and experience; information obtained from the knowledge and observations of other sworn law enforcement officers, either directly or indirectly through their reports or affidavits; surveillance conducted by law enforcement officers; information provided by a confidential source; analysis of public records; analysis of telephone records; and analysis of financial records.

6. Your Affiant believes probable cause exists that evidence of violations of 18 U.S.C. § 922(g)(1) (Unlawful possession of a firearm by a person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year), 18 U.S.C. § 933 (Firearms Trafficking) and 18 U.S.C. §922(a)(1)(A) (Dealing Firearms Without a License), will be found at the **Subject Premises** and/or in the **Subject Vehicle 1** and **Subject Vehicle 2.**

7. Because this Affidavit is being submitted for the limited purpose of establishing probable cause for the requested warrant, your Affiant has not set forth all the relevant facts known to law enforcement officers.

## II. BASIS FOR PROBABLE CAUSE

8. On May 7, 2025, a HSI Phoenix agents, including your affiant, executed a federal search and seizure warrant at a residence in Glendale, Arizona, seized several firearms, and arrested a resident (hereinafter referred to by the initials A.C.R.) at the address for Unlawful Acts related to 18 USC 922(g)(5), Possession of a Firearm(s) by an Alien Unlawfully Present in the United States. HSI confirmed he was illegally present in the United States and was a prohibited possessor firearms. He was later indicted in CR-25-00810-PHX-ML on one count of Possession

of a Firearm(s) by an Alien Unlawfully Present in the United States.

9. During a post Miranda statement after his arrest, A. C. R. stated that he had "one guy" who he purchases his firearms from. A. C. R. allowed agents to review text messages regarding firearms purchases between him (A. C. R.) and the "guy" whose contact was saved in A. C. R.'s phone as "Armas" (the Spanish word for "firearms"). The phone number for "Armas" was (602) 592-3204. During review of the messaging between A. C. R. and "Armas", the phone displayed an "Update Contact" prompt and suggested changing "Armas" to "Mario Aguilar". The messaging started on October 19, 2023, and continued until February 16, 2025.

10. During October of 2023, A. C. R. and Aguilar messaged each other on three different dates which included the following dialogue.

    a. On October 19, 2023, Aguilar quoted a price of $750.00 USD for a shotgun that A. C. R. was interested in purchasing. Thereafter, agents observed evidence of a Zelle payment in the same amount from A. C. R. to Aguilar.

    b. On October 23, 2023, Aguilar stated that the shotgun and another firearm were expected to arrive on November 3rd or 4th.

    c. On October 30, 2023, Aguilar asked where he should make the delivery. A. C. R. provided his address to Aguilar and Aguiler confirmed his arrival by verifying that A. C. R. owned a certain color pick-up truck (which your Affiant knows A. C. R. owned).

11. During November 2023, A. C. R. and Aguilar messaged each other on six different dates which included the following dialogue.

    a. On November 1, 2023, Aguilar stated that he could build a custom .308 rifle for A. C. R.

    b. On November 2, 2025, Aguilar offered a discount on future firearms purchases if A. C. R. could refer him other customers.

    c. On November 13, 2023, Aguilar sent a photograph a 6.5 Creedmoor rifle and stated

that the price would be $1,000.00 USD.

   d. On November 14, 2023, Aguilar stated that "we" (referring to himself and another unknown individual) "have five options for bolt-action rifles available".

   e. On November 20, 2023, Aguilar delivered a custom-built firearm to A. C. R. at about 9:30 PM.

12. In January 2024, Aguilar asked A. C. R. if he was interested in purchasing a rifle.

13. In February 2025, Agular and A. C. R. discussed an event when he had been encountered by law enforcement and seized had a rifle seized from him. Thereafter, the seizing agency offered for A. C. R. to retrieve the firearm from their office. Aguilar coached A. C. R. by telling him that it would look suspicious if he failed to pick up the rifle (that the law enforcement agency was attempting to return). Based on the text message exchange, it is clear Aguilar knew that A.C.R. was a prohibited possessor and had been selling A.R.C. firearms in violation of 18 U.S.C § 933 (Trafficking in Firearms).

14. Thereafter your affiant performed checks of law enforcement databases which matched (602) 592-3204 to Mario Aguilar-Vargas (date of birth on April XX, 1989) at 1617 E Silverbirch Ave, Buckeye, AZ, 85326. Your affiant then performed criminal history checks which revealed that Aguilar was a convicted felon and prohibited from possessing firearms. As a convicted felon, he is incapable of lawfully purchasing or receiving firearms; and therefore agents believe he likely used other persons (a.k.a. straw purchasers) to buy the firearms he sold to A.C.R. and others.

15. On May 9, 2025, your affiant obtained conviction documents from the Clerk of the Maricopa County Superior Court detailing a conviction on or about February 3, 2016, for Theft, in violation of Arizona Revised Statutes 13-1801, a Class 4 Felony. Your affiant found no evidence that Aguilar had attempted to have his right to bear arms restored.

16. On May 9, 2025, your affiant performed checks of Arizona Motor Vehicle Department records and discovered a Jeep Wrangler bearing license plate 3AH7180 registered in

4

Aguilar's name at 1617 E Silverbirch Ave, Buckeye, Arizona (**Subject Vehicle 1**).

17. On May 9, 2025, your affiant performed records checks of Arizona Motor Vehicle Department records and discovered a Jeep Cherokee bearing license plate PEA09N registered in the name of Miriam Jeanette Castillo (believed to be Aguilar's girlfriend or common-law wife) at 1617 E Silverbirch Ave; Buckeye, AZ (**Subject Vehicle 2**).

18. On May 22, 2025, an HSI agent performed surveillance at 1617 E Silverbirch Ave and observed **Subject Vehicle 1** and **Subject Vehicle 2** parked there. Subsequent surveillance by agents observed an individual matching the physical description of Aguilar operating the same Jeep Wrangler upon its departure from the house. 1617 E Silverbirch Ave, Buckeye, AZ is owned by BW Investments and is registered as a rental property.

19. On June 10, 2025, your affiant received call detail records and subscriber data from Verizon Wireless for (602) 592-XXXX which revealed the subscriber to be Miriam Castillo at 1617 E Silverbirch Ave, Buckeye, AZ, and the phone has been in continuous use since 2022.

20. On June 19, 2025, your affiant received information indicating that Aguilar had moved to a residence at 22454 W Adams St, Buckeye, AZ (**Subject Premises**), owned by Erendida Vargas Barragan (believed to be a family relative of Aguilar based on his secondary last name of "Vargas").

21. On June 20, 2025, at about 7:30 AM, your affiant performed surveillance at 1617 E Silverbirch Ave, Buckeye, AZ, and observed that it appeared vacant. At 8:00 AM, your affiant performed surveillance at the **Subject Premises** and observed **Subject Vehicle 1** and **Subject Vehicle 2** parked there. At about 8:10 AM, your affiant observed Castillo and Aguilar come out from the residence together. A sedan arrived and picked up Castillo. Aguilar then departed in **Subject Vehicle 2**. About twenty minutes later, your affiant located **Subject Vehicle 2** at a known employment location for Aguilar in Avondale.

22. On June 21, 2025, June 23, 2025, and June 24, 2025, your affiant performed surveillance at the **Subject Premises** and observed AGUILAR come out of the house and depart

5

in one of the Jeeps. AGUILAR appears to have equal access to both **Subject Vehicle 1** and **Subject Vehicle 2**. During two of the surveillances, on June 23, 2025, and June 24, 2025, your Affiant observed AGUILAR move in and out of the open garage door. No other vehicles have ever been observed in the garage or about the property. Your Affiant has never seen any other people about the property besides AGUILAR and Castillo. Based on your Affiant's cumulative observations, it seems clear that AGUILAR is living on the **Subject Premises.**

23. Your affiant has learned through training, prior investigative experiences, and personal experiences that people typically own firearms for self-defense or leisure/sporting purposes. Your affiant knows that people who own firearms often invest large sums of money into customizing them with various add-on features such as scopes (which the rifles seized during the May 4 search warrant had) and that they are typically thought of as prized possessions. Therefore, owners of firearms typically store them in their houses or vehicles where they believe they have easy access to them. Further, since he is suspected of dealing firearms, it is likely that he has some in his possession.

24. Your affiant also knows through training and prior investigative experiences that third party individuals known as "straw purchasers" will buy firearms for individuals who are unable to purchase for themselves due to legal status and that Aguilar is likely the "middleman" between the store purchaser and end recipient. As a result, Aguilar is likely to have retained evidence of his business dealings in his possession in the form of electronically communicated messages, paper notes, or photographs. Aguilar is also likely to have stored bulk cash which were derived from his unlawful business dealings. Furthermore, Aguilar stated in text messages on A.C.R.'s phone that he can build "custom-made" firearms. As such, there is probable cause that he is in possession of specific tools and part necessary for construction firearms.

### III. ITEMS TO BE SEIZED

25. Based upon the facts contained in this Affidavit, your Affiant submits there is probable cause to believe that the items listed in Attachment B will be found at the **Subject Premises** and/or within **Subject Vehicle 1 and Subject Vehicle 2**.

### CONCLUSION

26. Your Affiant submits there is probable cause to believe that the items listed in Attachment B, which constitute evidence, fruits, and/or instrumentalities of violations of 18 U.S.C. § 922(g)(1) (Unlawful possession of a firearm by a person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year), 18 U.S.C. § 933 (Firearms Trafficking) and 18 U.S.C. §922(a)(1)(A) (Dealing Firearms Without a License) are likely to be found at the **Subject Premises** and/or within **Subject Vehicle 1 and Subject Vehicle 2**, as further described in Attachment A.

**JUSTIN A COWAN**
Digitally signed by JUSTIN A COWAN
Date: 2025.06.24 11:55:02 -07'00'

Special Agent Justin Cowan
Homeland Security Investigations

Electronically signed and telephonically sworn on the 24th day of June 2025. @ 4:10pm

HONORABLE DEBORAH M. FINE
United States Magistrate Judge

7